HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNARD ROSS HANSEN, | NO. 2:25-cv-01088-RAJ |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiff Bernard Ross Hansen ("Plaintiff")'s Motion to Vacate Sentence. Dkt. # 1.

On June 6, 2022, the Court sentenced Plaintiff to 132 months' imprisonment for multiple counts of mail fraud and wire fraud following a jury trial. Dkt. # 485, No. 2:18-cr-00092-RAJ. In the instant Motion, Plaintiff claims his lead counsel, Angelo Calfo ("Mr. Calfo"), had a conflict of interest and should have moved to withdraw from the case. Dkt. # 1 at 4. He also states that he informed Mr. Calfo that he wanted to testify at his trial. *Id.* at 5. Plaintiff alleges that "my emails from Mr. Calfo state that if I were to testify, the judge would automatically give me an extra five years in prison." *Id.* Diane Erdmann ("Ms. Erdmann"), Plaintiff's girlfriend, signed the Motion on his behalf. *Id.* at 12. The

ORDER – 1

reason offered by Ms. Erdmann for signing the Motion is that Plaintiff "is incarcerated and has limited abilities and means of communication at this time." *Id.*

The Local Civil Rules of the Western District of Washington provide that "if a petition or motion is not made and verified by the party in custody, the person making such motion shall verify the same on behalf of such party in custody, and shall set forth therein the reason why it is not made and verified by the party in custody, and shall state he or she knows the facts set forth therein, or if upon information and belief, the sources of his or her information shall be stated." LCR 100(e).  Federal courts recognize that under appropriate circumstances, such motions can be brought by third parties, such as family members or agents, on behalf of a prisoner, which is known as next friend standing. *Whitmore v. Arkansas*, 495 U.S. 149, 161–64 (1990).  The prerequisites for "next friend" standing are: (1) that the "next friend" provide an adequate explanation—such as inaccessibility, mental incompetence or other disability—as to why the real party in interest cannot appear on his own behalf to prosecute the action; and (2) that the "next friend" must be truly dedicated to the best interests of the person on whose behalf she seeks to litigate.  *See id*.

As noted above, Ms. Erdmann has filled out and signed the Motion on Plaintiff's behalf because he is incarcerated and "has limited abilities and means of communication." Dkt. #1 at 12.  The Court is not fully persuaded, based on the record currently before it, that Plaintiff would not be able to appear on his own behalf and prosecute this action if required to do so. Thus, the Court will require that Ms. Erdmann make a more detailed showing establishing that she meets the prerequisites for "next friend" standing.

///
///
///
///
///

ORDER – 2

Based on the foregoing reasons, the Court hereby **ORDERS** that Ms. Erdmann shall show cause not later than **forty-five (45) days** from the date on which this Order is signed why she can file this pleading on Plaintiff's behalf. Failure to respond within this timeframe will result in a denial of the Motion. The Clerk is directed to send copies of this Order to Plaintiff and Ms. Erdmann.[1]

Dated this 1st day of July, 2025.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

---

[1] Ms. Erdmann lists her address on the last page of the Motion.

ORDER – 3